UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United of Omaha Life Insurance Co., | Civil No. 08-2696 (JNE/FLN) |
| Plaintiff, | |
| v. | **ORDER AND REPORT AND RECOMMENDATION** |
| Laureen Mountcastle and Jamila Johnson, | |
| Defendants. | |

_____

Randall Smith for Defendant Laureen Mountcastle.
_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on October 24, 2008 on Laureen Mountcastle's Motion for Default Judgment [#10]. The Plaintiff and Defendant Mountcastle filed consents to proceed before the Magistrate Judge. Defendant Johnson has not consented to the Magistrate Judge exercising jurisdiction. Indeed, Defendant Johnson has not answered or otherwise appeared in this action. As Defendant Johnson has not consented to the Magistrate Judge's jurisdiction, the substantive relief of default judgment can only be granted by a district judge. *Harris v. Folk Const. Co.*, 138 F.3d 365, 371 (8th Cir. 1998) (". . . absent clear and unambiguous consent of the affected parties, a district judge may not delegate, pursuant to § 636(b)(3), duties that require a final and independent determination of fact or law by the magistrate judge."). For the reasons set forth herein, the Court recommends Defendant Mountcastle's Motion for Default Judgment [#10] be **GRANTED**. The Court orders that: (1) Defendant Mountcastle's request that this action be sustained as an interpleader action is **GRANTED**, and (2) her request that Plaintiff be awarded a reasonable attorney's fee is **GRANTED**.

**I.     FINDINGS OF FACT**

Plaintiff filed this interpleader action on June 20, 2008.  (Dkt. No. 1.)  Plaintiff is an insurance company with whom Ronald Mountcastle had a $10,000 life insurance policy.  Mr. Mountcastle died on or about March 14, 2008.  (Defendant Mountcastle's Declaration of Merits ¶ 7.)  His wife, Defendant Laureen Mountcastle asserted a claim with the Plaintiff seeking payment in the amount of the policy.  (*Id*., Compl. Ex. A.)  She is a citizen of St. Paul, Minnesota.  (Defendant Mountcastle's Declaration of Merits ¶ 2.)  Ronald Mountcastle's daughter, Jamila Johnson, also asserted a claim with the Plaintiff for the money.  (Compl. ¶ 8, Ex. A.)  She is a citizen of Newark, New Jersey.  (Mountcastle Decl. of Merits ¶ 3.)  The Plaintiff contends it is ready and able to disburse the money but cannot safely make such a payment without an adjudication of the Defendants' respective rights.  (Compl. ¶ 10.)

Ronald Mountcastle changed the beneficiary of the plan from his daughter, Jamila Johnson, to his wife Laureen Mouncastle on December 17, 2007. Plaintiff attached to the Complaint a form, signed by Ronald Mouncastle on December 15, 2006, designating Defendant Jamila Johnson as the beneficiary of the plan.  (Compl. Ex. A.)  Plaintiff also attached a form, signed by the deceased on December 17, 2007, designating Laureen Mountcastle as the beneficiary.  (*Id*.)  After Ronald Mountcastle's death, Laureen Mountcastle filed a Notice of Claim for the money.  (Compl. Ex. B.)  In a letter dated March 31, 2008, Jamila Johnson wrote to Plaintiff that she was disputing Laureen Mountcastle's claim to the money.  (Compl. Ex. C.)  The letter states:

> I Jamila Johnson am disputing claim of my father Ronald Mountcastle.  He was very ill in December of 2007 when claim got changed on this policy and another.  Both representatives of both companies expressed that signatures was very shaky.  Ronald Mountcastle was also under a lot of medication, which had him incapacitated.  If you have any questions, feel free to call me at . . .  Power of Attorney is attached.  (Compl. Ex. C.)

Plaintiff issued a summons to Defendants on June 20, 2008. Defendant Laureen Mountcastle filed a waiver of service on July 24, 2008. (Dkt. No. 2.) Defendant Jamila Johnson was served on July 7, 2008 and was required to file an answer to the Complaint on or before July 28, 2008. (Dkt. No. 3.) She did not do so. Defendant Mountcastle filed an answer and a Cross Claim against Johnson on July 31, 2008 and Johnson failed to file an answer to the Cross Claim. Defendant Johnson had made no attempt to appear in this action and has not filed any papers with the Court.

Laureen Mountcastle's attorney stated in his affidavit that he does not believe that Defendant Jamila Johnson is in the military service of the United States. (Randall Smith's Declaration of No Answer at 2.)

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk must enter the party's default." Under Rule 55(b), the moving party must then seek a default judgment either by the clerk if the amount sought is certain or by the court in all other cases. The Defendant in this case seeks a default judgment with the court pursuant to Rule 55(b)(2) which provides that the Court may order default judgment where it finds such a ruling appropriate.

## III. LEGAL ANALYSIS

**A. This Action Must be Sustained as an Interpleader Action.**

"Persons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead." Fed. R. Civ. P. 22(a)(1). This case was properly brought as an interpleader action because both Defendants have asserted a claim to the life insurance

proceeds. According to Plaintiff's records, Ronald Mountcastle changed the beneficiary of the plan from Jamila Johnson to his wife, Laureen Mountcastle, on December 17, 2007. (Compl. Ex. A.) After Ronald Mountcastle's death, Laureen filed a claim with Plaintiff for the proceeds and Jamila Johnson sent a letter to Plaintiff asserting that she was disputing Laureen's claim to the money, claiming that Ronald had been incapacitated when he named Laureen the beneficiary on December 17, 2007. (Compl. Ex. B.) In order to protect the Plaintiff from multiple liability, this action must be sustained as an interpleader action.

### B. Default Judgment Must be Entered Against Jamila Johnson.

Default judgment is appropriate because Defendant Johnson has failed to appear in this action. Pursuant to Federal Rule of Civil Procedure 12, a party must serve an answer to a complaint or crossclaim within 20 days after being served with the pleading. Defendant Jamila Johnson was served on July 7, 2008 and was required to file an answer to the Complaint on or before July 28, 2008. (Dkt. No. 3.) She did not do so. Defendant Mountcastle filed an answer and a Crossclaim against Johnson on July 31, 2008. Over 20 days has elapsed since Defendant Mountcastle filed her Crossclaim and Johnson has failed to file an answer.

Default judgment in favor of Laureen Mountcastle is also appropriate because she is the beneficiary on record with Plaintiff. After Ronald Mountcastle's death, Jamila Johnson sent Plaintiff a letter alleging that Ronald Mountcastle was incapacitated when he named Laureen Mountcastle the beneficiary, but Johnson has failed to appear before this Court and present evidence supporting her allegations.

### IV.   ORDER AND RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. This action be sustained as an interpleader action; and

2. That Plaintiff may, on or before ten days from the date of this Order, submit an affidavit setting forth its reasonable attorney's fees.

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Laureen Mountcastle's Motion for Default Judgment [#10] be **GRANTED**. Ten days from the date of this Court's determination of Plaintiff's reasonable attorney's fees, if any, Plaintiff shall pay Laureen Mountcastle $10,000 (including any interest or accruals the life insurance proceeds may have generated) less any reasonable attorney's fees allowed by the Court.


DATED: October 29, 2008                    s/ *Franklin L. Noel*
                                           FRANKLIN L. NOEL
                                           United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **November 18, 2008**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **November 18, 2008,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.